IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| SUSAN MARTINEZ, | § |
| Plaintiff, | § |
| vs. | § Civil Case No.: 1:12-cv-1227 |
| ENHANCED RECOVERY COMPANY, LLC., | § |
| Defendant. | § |

### VERIFIED COMPLAINT

SUSAN MARTINEZ, Plaintiff, through her attorneys, alleges the following against ENHANCED RECOVERY COMPANY, LLC. Defendant:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the State of New Mexico, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

### PARTIES

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

1

5. Plaintiff is a natural person residing in Los Alamos, New Mexico and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

6. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

7. Defendant is a debt collection company located in Jacksonville, Florida.

8. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. In or around May of 2012, Defendant placed at least one collection call to Plaintiff seeking and demanding payment for an alleged consumer debt.

11. Plaintiff's alleged debt owed arises from transactions used for personal, family, and household purposes.

12. Defendant called Plaintiff's telephone number at 505-500-74XX.

13. On May 14, 2012, Defendant called Plaintiff and left a voicemail message on Plaintiff's

answering machine. *See* transcribed voicemail message attached hereto as Exhibit A.

14. In the voicemail message, Defendant's representative, failed to meaningfully disclose the company's name or the nature of the call or state that the call was from a debt collector. *See* Exhibit A.

15. In the voicemail message, Defendant's representative, directed Plaintiff to call him back at 1-800-358-4328, which is a number that belongs to Defendant. *See* Exhibit A.

16. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because Defendant did not provide the identity of the caller or the nature of the debt.

   b. Defendant violated §1692e of the FDCPA by using false, deceptive or misleading representation with the collection of the debt.

   c. Defendant violated §1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt.

   d. Defendant violated §1692e(11) of the FDCPA by failing to disclose that the call was from a debt collector.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

3

WHEREFORE, Plaintiff, SUSAN MARTINEZ, respectfully requests judgment be entered against Defendant, ENHANCED RECOVERY COMPANY, LLC., for the following:

18. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*;

19. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*; and

20. Any other relief that this Honorable Court deems appropriate.

DATED: November 28, 2012     RESPECTFULLY SUBMITTED

                              By: /s/ Charles N. Lakins, Esq.
                                    Charles N. Lakins, Esq.
                                    Lakins Law Firm, P.C.
                                    PO Box 91357
                                    Albuquerque, NM 87199
                                    (505) 404-9377
                                    *Attorney for Plaintiff*